# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| BATTENFELD TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:11-cv-04099-NKL |
| BIRCHWOOD LABORATORIES, INC., | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Motion by Defendant Birchwood Laboratories, Inc., to Transfer, Dismiss, or Stay [Doc. # 29] the declaratory judgment action filed by Plaintiff Battenfeld Technologies, Inc. ("BTI"). For the following reasons, the Court denies the motion.

**I.     Background**

Plaintiff Battenfeld Technologies, Inc. ("BTI"), is a Missouri corporation, and Defendant Birchwood is a Minnesota corporation. Both parties are in the business of designing products for use in the sport-shooting industry. On December 15, 2009, Birchwood filed suit against BTI in the District of Minnesota seeking a declaration that a BTI patent is invalid and not infringed by Birchwood ("the Minnesota Action"). This case involved flake-off shooting target products and the validity of BTI's '877 Patent.

1

[Doc. # 29 at 5].

In October 2010, BTI filed a complaint against Birchwood, alleging that Birchwood engaged in false patent marking ("the Transferred Action"). BTI alleged that Birchwood marked three of its shooting target products with patents that did not apply, and BTI asserted three claims for relief based on patent false marking and false advertising, both under federal law, and unfair competition under Missouri common law. The patents in the Transferred Action were different patents than those in the Minnesota Action but concerned flake-off technology for shooting targets. [Doc. # 35 at 3]. On February 4, 2011, during a pre-transfer telephonic discovery hearing before the Court, Birchwood's counsel informed BTI that Birchwood intended to file a claim against BTI for alleged false marking of various other firearm accessory products. On February 8, 2011, Birchwood's counsel emailed BTI's counsel, identifying ten products that Birchwood alleges are falsely marked. On February 25, 2011, Birchwood served a set of interrogatories on BTI labeling these products as allegedly false marked "Accused Products" [Doc.# 35 at 8]. The ten products in question relate to shooting rests for guns, gun stocks and stock accessories, non flake off targets, a device to extend the brass life of bullets and a device for protecting rifle barrels from rust. *Id*. None of the products were flake-off shooting target products as in the original two actions.

On March 28, 2011, the Court sent the Transferred Action to the Minnesota district court. The Court ruled that BTI's complaint was substantially related to patent infringement litigation pending in the Minnesota forum between the parties over the same

flake-off shooting target products and similar patents. The Transferred Action is now being handled by Chief Judge Davis and Magistrate Judge Keyes, the same judges hearing the Minnesota Action. [Doc.# 30 at 7].

On April 6, 2011, eight days after the Court issued the Transferred Order, BTI filed a declaratory judgment action regarding claims of possible patent false marking by BTI involving the ten products listed in Birchwood's interrogatories. On June 16, 2011, Birchwood filed this Motion to Transfer Venue, Dismiss or Stay regarding the declaratory judgment action.

## II. Discussion

### A. Motion to Transfer Venue

Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion to transfer under Section 1404(a) requires the district court to use its discretion to consider a "number of case-specific factors." *Terra Int'l, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Considerable deference is given to plaintiff's choice of forum and thus, a party seeking a transfer bears the burden of proving that a transfer is needed. *Terra Int'l*, 119 F.3d at 696. The burden on the moving party is substantial. *See e.g. New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102 (2nd Cir 2010) (movant must provide "clear and convincing evidence" in favor of transfer).

In conducting the interest of justice analysis, courts often consider factors such as judicial economy, the plaintiff's choice of forum, and the comparative costs to the parties of litigating in each forum. *See In re Volkswagen of America, Inc*., 566 F.3d 1349, 1351 (Fed. Cir. 2009). The presence of multiple lawsuits involving overlapping issues is an important indicator of whether a transfer is in the interest of justice. *See Volkswagen* 566 F.3d at 1351 ("Although these cases may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources."). Deference to a plaintiff's choice of forum is lessened if the action is a declaratory judgment. *See e.g. Zimmer Enterprises, Inc. v. Atlandia Imports, Inc*., 478 F.Supp.2d 983 (S.D. Ohio, 2007); *c.f. Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1007 (8th. Cir 1993) (giving a "closer look" to declaratory judgment actions when deciding whether the "first-filed rule" warranted a transfer of venue). Courts have also routinely placed less weight on plaintiff's choice of forum in qui tam actions because the actual party in interest is the United States. *See e.g. San Francisco Technology, Inc. v. The Glad Products Co.*, 2010 WL 2943537, *7 (N.D.Cal. July 26, 2010) (collecting cases).

In addition to the interest of justice analysis, courts also consider factors of convenience to determine whether a transfer of venue is warranted. Such factors analyzed include convenience of parties, convenience of witnesses, and the relative ease of access to records needed in litigation. *Terra Int'l*, 119 F.3d at 696. The Court will not transfer venue based on the convenience factors if the result would be merely to shift the

4

inconvenience from one party to another. *See Zimmer Enterprises*, 478 F.Supp.2d at 992. (S.D. Ohio, 2007).

Here, Birchwood has failed to show that a transfer would be in the interests of justice. First, the Court finds that the considerable differences between the claim to be transferred and the two pending claims in Minnesota do not weigh in favor of a transfer based on judicial economy. Birchwood has provided no evidence that the firearm accessory products at issue here have any genuine similarities to the flake-off shooting targets at issue in the two pending actions. Birchwood has not even alleged that the technology for making and using the products listed in the current action is similar to that used for flake-off technology or patents. Simply because the products are loosely grouped into the category of "firearm accessory products,' or that the possible counterclaim arose during the litigation of the Transferred Action, does not indicate substantial factual similarity that would allow the streamlining of discovery upon transfer of the claim to Minnesota. Though BTI's declaratory judgment action involves the same cause of action, that is, patent false marking, as the Transferred Action, this legal similarity is not sufficient to warrant a transfer, as both federal courts are presumed competent to interpret federal law on these issues.[1] The fact that this is an evolving area

---

[1] The cases cited by Birchwood on this issue are easily distinguished from Birchwood's situation, as factual similarities, not identical legal standards, were cited by the courts to justify a transfer of venue. For example, in *Cont'l Grain Co. v. FBL*-585, the court granted a transfer of venue on the grounds that the actions were "inseparable parts of one single civil action." 364 U.S. 19, 26-27 (1960). Similarly, in *Ahlstrom v. Clarent Corp*, the court also found substantial factual similarities between the two claims, noting that "substantial portions" of the pleadings were identical. No. Civ. 02-780RHKSRN, 2002 WL 31856386, at *6.

of federal law is not relevant here, for Birchwood is not at significant risk of receiving inconsistent rulings since the products involved in the two actions are substantially different and involve different patents.

The Court finds the comparative cost factor to be neutral. Though Birchwood points to the need to hire "an additional set of lawyers in Missouri," both parties would face increased legal costs regardless of forum if litigating a factually distinct claim, as the need to do significant discovery would likely require more lawyer hours for both parties. The fact that BTI is already litigating other claims in Minnesota does not relieve it of the significant increased costs it will incur if forced to litigate a different claim in that forum. If the Court were to grant a transfer of venue simply because the same parties have unrelated pending litigation elsewhere, it would burden out-of-state litigants with the obligation to incur continual expenses in a foreign forum as long as distinct claims continued to arise between the parties.

It is true that the Court will view BTI's choice of forum with less deference because it is a declaratory judgment, since Birchwood would be the true plaintiff in any suit for damages or equitable relief on this issue. BTI's claim is also a qui tam action, thus requiring less deference. However, because Birchwood has failed to make a showing that judicial economy or comparative cost factors clearly weigh in its favor, the Court finds that the interests of justice do not warrant a transfer of the current claim to Minnesota. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S. Ct. 252, 70 L.Ed.2d 419 (1981), ("there is ordinarily a strong presumption in favor of the plaintiff's

choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum.").

Birchwood has also failed to show that the factors of convenience weigh strongly in its favor. In fact, the Court finds that the convenience factors are neutral, as both parties would be similarly inconvenienced if forced to litigate in an out-of-state forum. Though BTI is currently litigating in Minnesota on patent-related issues, there is no evidence that it has litigated a claim there respecting the products or patents at issue in the current action, thus rendering a new action there a substantial hardship. Regarding convenience of access to sources of proof, the presence of electronic discovery reduces the inconvenience for both parties. Further, neither party has referenced any specific non-party witnesses who would even be needed in the current claim. *See Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, 2011 WL 649350 (S.D. Tex. 2011) (finding that general allegations that key witnesses are needed is insufficient to favor transfer of venue and that parties would need to identify specific witnesses). Birchwood claims "witnesses will consist of employees from both companies." [Doc.# 30 at 12]. However, the Court will view the convenience of employee-witnesses with less deference, as it is presumed that such witnesses will appear voluntarily on behalf of their employer. If there happened to be a witness with a special hardship, which neither party alleges here, the availability of electronic depositions and testimony would greatly mitigate any inconvenience.

Because the balance of the convenience factors does not favor either party, the interest of justice factors in favor of BTI are determinative. For the reasons above, the

Court denies Birchwood's motion to transfer venue.

B.     Motion to Dismiss

Birchwood now calls for the Court to dismiss BTI's declaratory judgment under the Declaratory Judgment Act. 28 U.S.C.§ 2201(a). District courts possess discretion in deciding whether to dismiss actions under the Declaratory Judgment Act even when they otherwise possess subject matter jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Birchwood's motion is based upon the six factor test outlined *in Scottsdale Ins. Co. v. Detco Indus., Inc*. 426 F.3d 994, 998 (8th Cir.2005). Assuming in *arguendo* that the Decto factors apply in this case,[2] the Court must deny the motion to dismiss. First, a declaratory judgment in this case would clearly " serve a useful purpose in clarifying and settling the legal relations in issue." *Id.* The issue here is whether BTI has falsely marked the ten products listed in the declaratory judgment action. A ruling on this issue will settle the controversy in any potential claim for false patent marking of these products. Regarding the second factor, the declaratory judgment will also "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding." Birchwood's argument that it "has not yet determined

---

[2] The *Detco* court assumed that a state court case was pending alongside the federal declaratory judgment, and thus laid out the six factors necessary to determine in these cases whether the district court should abstain in a declaratory judgment action. *Id.* at 996; *see also Wells v. Farmers Alliance Mut. Ins. Co.*, 2008 WL 877873 (E.D. Mo.,2008) (interpreting *Detco* as requiring pending state proceedings alongside federal proceedings). Three of the six factors directly concern an analysis of the state proceedings. Nowhere does the Court state that the three factors which do not directly address pending state proceedings can be extricated piecemeal from the entire analysis to apply to other declaratory judgments.

whether to assert false marking claims" is not persuasive. [Doc.# 30 at 16]. Birchwood informed BTI in 2010 that it intended to file a claim against BTI for alleged false marking of these products. It then began the discovery process by serving a set of interrogatories on BTI. A declaratory judgment regarding this issue would afford relief from any uncertainty surrounding BTI's marking of these products, uncertainty caused directly by Birchwood's actions. Whether or not Birchwood could still assert different false marking claims in the future, as it argues it could do, is irrelevant for purposes of this analysis. The third factor concerns whether the declaratory judgment action serves merely as a device for "procedural fencing." Construing any inference in favor of BTI, it is reasonable to believe that it had a legitimate purpose in bringing the declaratory judgment in Missouri rather than Minnesota. Missouri is the home venue of BTI, where the false marking allegedly took place, making it a logical forum for resolution of such a dispute, while Minnesota was the home of the alleged false-marker, Birchwood, in the Transfer Action. Further, BTI is facing the prospect of actual harm from its marking of these ten products if Birchwood later brings a counterclaim for false patent marking, thus weakening Birchwood's argument that this is "purely anticipatory litigation." [Doc.# 30 at 16]. Because Birchwood has shown no reason for the Court to exercise its discretion to dismiss the case, the motion to dismiss is denied.

    **C.    Motion to Stay Case**

Birchwood also brings a motion to stay discovery during the pendency of Birchwood's dispositive motion in Minnesota as part of the Transfer Action. However,

given that the false patent marking claim in the Transfer Action is against Birchwood rather than BTI and concerns different products, it is not sufficiently related to the current action to justify a stay even if Birchwood's July 2011 motion to dismiss in the Transfer Action were granted (a fact which Birchwood does not address in its Reply filed with the Court on August, 2, 2011).

Birchwood also argues that discovery should be stayed until the Federal Circuit addresses the constitutionality of the false marking statute. However, the Court agrees with BTI that the timing and decision of the Federal Circuit is only speculative at this moment and that the interest in judicial efficiency and allowing litigants access to the court outweighs the potential simplification of the issue that a Federal Circuit ruling could bring.

## III.    Conclusion

For the above reasons it is hereby ORDERED that Defendant Birchwood's Motion to Transfer, Dismiss or Stay [Doc. # 29] is DENIED.

   s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: September 14, 2011
Jefferson City, Missouri